**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DARRYL ALLMOND,

        Plaintiff,

vs.                                      CASE NO. 3:07-cv-1139-J-33TEM

CITY OF JACKSONVILLE, et al.,

        Defendants.

**O R D E R**

This case is before the Court on the following non-dispositive motions. Upon due consideration of same, it is hereby **ORDERED:**

    1.    Defendants', City of Jacksonville, Jacksonville Sheriff's Office, D.E. Bartilucci, and M.C. Woods (hereinafter referred to collectively as Defendants), Opposed Motion to Stay Discovery Until the Court Rules on the Motions to Dismiss (Doc. #14) is **GRANTED**.

The Court notes the Defendants City of Jacksonville and Jacksonville Sheriff's Office (hereinafter referred to as Corporate Defendants) filed a motion to dismiss Plaintiff's complaint (Doc. #10) on January 15, 2008. Defendants D.E. Bartilucci and M.C. Woods (hereinafter referred to as Individually Named Defendants) filed a motion to dismiss Plaintiff's complaint (Doc. #13) on January 28, 2008. Both matters are currently pending before the District Court.

Corporate Defendants seek dismissal on the grounds there is no basis for municipal liability for the alleged constitutional deprivation, the complaint fails to state a claim on state tort claims and the case is frivolous (*see* Doc. #10, generally). The Individually Named

Defendants assert the same grounds for dismissal, as well as the grounds that they are entitled to qualified immunity (see Doc. #13, generally).

In the instant motion, Defendants have requested a stay of discovery until the issues of immunity and lack of basis for municipal liability as raised in the motions to dismiss are resolved. Plaintiff reportedly opposes any stay of discovery (*see* Doc. #14 at 2), although the Court notes Plaintiff has not filed any response to this motion.

The Federal Rules of Civil Procedure and Local Rules of the Middle District of Florida provide for the appropriate filing of motions seeking court intervention in discovery matters. However, the Court would note the overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Discovery is intended to operate with minimal judicial supervision unless a dispute arises and one of the parties files a motion involving judicial intervention. "The rules require that discovery be accomplished voluntarily; that is, the parties should affirmatively disclose relevant information without the necessity of court orders compelling disclosure." *Bush Ranch v. E.I. DuPont Nemours and Co.*, 918 F. Supp. 1524, 1542 (M.D. Ga. 1995).

While motions to stay discovery may be granted pursuant to Rule 26 (c), Fed. R. Civ. P., the moving party bears the burden of showing good cause and reasonableness. *Feldman v. Flood,* 176 F.R.D. 651,652 (M.D. Fla. 1997) *citing Howard v. Galesi*, 107 F.R.D. 348,350 (S.D.N.Y. 1985). A request to stay discovery pending a resolution of a motion is rarely appropriate where the resolution of the motion will not dispose of the entire case.

*Id.* The Court must take a "preliminary peek" at the merits of a dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery." *Id.* at 652.

The Court has reviewed each of the referenced motions to dismiss and the responses, including the authority cited by the parties. A preliminary peek at the motions to dismiss reveals Defendants have raised meritorious challenges to the legal sufficiency of the complaint in its entirety, although the undersigned expresses no opinion as to the ultimate merit of either Defendants' challenges or Plaintiff's complaint as pled.

Corporate Defendants contend there is no basis for municipal liability for the alleged police misconduct (Doc. #10 at 3). A municipality can only be found liable under § 1983 when "its policies are the 'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). Nothing in Plaintiff's complaint indicates such a City of Jacksonville or Jacksonville Sheriff's Office custom, policy, procedure, or practice existed that caused Plaintiff to be deprived of a constitutional right. Plaintiff solely alleges Individually Named Defendants utilized excessive force while restraining him (see Doc. #1 at 4). Furthermore, proof of a single instance of misconduct is insufficient to establish municipal liability unless there is also proof of the existence of an unconstitutional municipal policy. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

In his complaint, Plaintiff alleges Corporate Defendants' failure to properly supervise and train Individually Named Defendants caused the Individually Named Defendants to

utilize excessive force (Doc. #1 at 6).  In determining whether police training is adequate, the allegation "that a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program."  *City of Canton v. Harris*, 489 U.S. at 390-91.

As Individually Named Defendants correctly point out, qualified immunity seeks to protect government officials from the burdens of litigation, which includes the discovery process.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  Although this Court expresses no opinion whether qualified immunity will stand as a defense in this case or will ultimately succeed in Individually Named Defendants' motion to dismiss (Doc. #13), the undersigned is convinced case precedent exists to protect government officials named as defendants from the discovery process until the issue of immunity is ruled upon once it has been raised.  *See, e.g., Caraballo-Sandoval v. Honsted*, 35 F. 3d 521, 524 (11th Cir. 1994) (noting that the district court properly stayed discovery in that civil rights case until the issue of qualified immunity of prison officials was decided).

In the instant action, upon cursory glance of Defendants' motions to dismiss the resolution of the motions could dispose of the entire case.  Additionally, the Court finds that Plaintiff will not be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided.  The Case Management and Scheduling Order (Doc. #24) provides the deadline for discovery completion is April 30, 2009, allowing Plaintiff adequate time for discovery should the dispositive motions be denied.

Upon consideration of the facts of this case under the framework of *Feldman*, the undersigned finds Defendants have met their burden and have shown good cause for entry

of a protective order staying discovery until such time as the pending motions to dismiss are resolved. Thus, discovery shall be stayed until the District Court has ruled on the pending motions to dismiss. Upon the District Court's ruling on the motions to dismiss, the parties may move the Court, if necessary, for reconsideration of whether the remaining discovery period is adequate.

2. Plaintiff's Motion for Court to Appoint Certified Mediator/Fees (Doc. #20) is **DENIED**. Mediation shall not take place during the stayed period of discovery. The parties are free to re-raise this issue, if necessary, after the Court has ruled on the pending motions to dismiss and if the parties remain unable to agree on a suitable mediator.

3. Plaintiff's Motion and Order to Show Cause (Doc. #21) is **DENIED**. Plaintiff has not demonstrated why he, who is the Plaintiff in this lawsuit, is entitled to the sought relief. Furthermore, Plaintiff, who has filed numerous lawsuits in this Court on a *pro se* basis and is therefore deemed familiar with the Rules applicable to this Court, has failed to comply with the requirements of Local Rule 3.01(g). The Court takes note of Defendants' opposition (Doc. #23). See also Doc. #5, Court Order advising Plaintiff of some obligations and responsibilities as a *pro se* litigant.

4. Plaintiff's [Motion] for Medical Reports Pursuant to Rule 35(b)(1) (Doc. #22) is **DENIED**. Plaintiff again failed to confer under Local Rule 3.01(g). If Plaintiff had attempted to resolve this matter with Defendant before filing the instant motion, he would have been advised Defendant has agreed to produce the requested medical records as soon as the records are prepared and available (Doc. #25 at 1). The Court takes note of Defendants' opposition (Doc. #25).

**DONE AND ORDERED** at Jacksonville, Florida this 8th  day of July, 2008.

Copies to all counsel of record
and *Pro Se* Parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge